VÍCTOR QUINTERO PÉREZ, recurrente, *v.* COMISIÓN INDUSTRIAL DE P. R., ETC., demandada; DEPARTAMENTO DEL INTERIOR, patrono.

Núm. 378.—*Sometido:* Diciembre 3, 1947. *Resuelto:* Diciembre 23, 1947.

*Víctor M. Bosch,* abogado del recurrente; *Ángel A. de Jesús Matos, M. Maldonado Pacheco* y *Aída Casañas Marengo,* abogados del Administrador del Fondo del Estado.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

Mientras trabajaba como pintor el peticionario, al abrir una lata de pintura, contrajo un envenenamiento agudo con sales de plomo. El Administrador del Fondo del Seguro del Estado lo sometió a un largo tratamiento y luego lo dió de alta, curado y sin incapacidad. El peticionario alegaba que tenía una incapacidad parcial permanente y apeló para ante la Comisión Industrial. Expedimos el auto al solicitarnos el obrero revisáramos la decisión de la Comisión desestimando su reclamación.

██ No hay duda alguna de que el peticionario contrajo una enfermedad ocupacional como resultado de su empleo. Y la Comisión resolvió que como resultado de ello actualmente está incapacitado para trabajar con pintura que contenga plomo. Sin embargo, también resolvió, a base de testimonio médico, que podía dedicarse a cualquier otra clase de trabajo u ocupación remunerativa, aparentemente incluyendo cualquier clase de pintura que no contenga plomo. Al declarar sin lugar la moción de reconsideración, la Comisión se expresó así:

"Hemos estudiado el artículo 3 de la Ley 45 de abril 18 de 1935, según quedó enmendado por la Ley 284 de 15 de mayo de 1945, sobre incapacidad parcial permanente, y no encontramos en la tabla de compensaciones que contempla el estatuto, ninguna incapacidad parcial permanente que pudiera asemejarse a la que se le atribuye a este obrero por el hecho de que él no debe ponerse en contacto con pinturas que contengan sales de plomo, estando él capacitado físicamente para hacer toda otra clase de trabajos u ocupaciones remunerativas.

"En nuestra resolución dijimos que, aun cuando simpaticemos con la teoría del abogado del obrero, no podemos pasar por sobre la ley, siendo la Legislatura la única que puede enmendar el estatuto proveyendo algún remedio para estos casos."

El peticionario descansa en el lenguaje de la sección 3, inciso 4, que reza como sigue: *"Disponiéndose,* que en aquellos casos en que la incapacidad parcial permanente no pueda

ser propiamente fijada de acuerdo con la Tabla de Compensaciones antes inserta, la misma se reflejará sobre las funciones fisiológicas generales del obrero o empleado, y la compensación se calculará a base de trescientos cuarenta (340) semanas como máximum y no podrá ser mayor de tres mil (3,000) dólares.''

Sin embargo, con dicho lenguaje la Asamblea Legislativa no tuvo en mente abrir la puerta para permitirle a la Comisión resolver que ello no obstante, podría clasificarse como tal, cualquier otra clase de incapacidad parcial permanente no descrita en la sección 3. Su único propósito fué darle a la Comisión algún margen en la aplicación de la rígida Tabla de Compensación contenida en dicha sección.

Un hombre que ha pintado durante toda su vida y ahora no puede hacerlo con pintura de plomo, indudablemente encontrará que su poder adquisitivo ha mermado. Pero, desgraciadamente, la Asamblea Legislativa en su sección 3 no ha provisto para este peculiar tipo de incapacidad parcial permanente que sólo existe cuando el obrero trata de trabajar en una ocupación específica. En su consecuencia, estamos obligados a convenir con la Comisión.

*La resolución de la Comisión Industrial será confirmada.*